**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **PETER FRANK GREGORICH JR.,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-12-CA-385-SS** |
| | § | |
| **RICK THALER,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions** | § | |
| **Division,** | § | |
| **Respondent.** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE SAM SPARKS
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

**I. STATEMENT OF THE CASE**

**A.      Petitioner's Criminal History**

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 331st Judicial District Court of Travis County, Texas. Petitioner was convicted of possession

of child pornography and was sentenced to 25 years in prison on November 10, 2010.  Petitioner did

not appeal his conviction or challenge his conviction in a state application for habeas corpus relief.

**B.**     **Petitioner's Grounds for Relief**

  Petitioner raises the following grounds for relief:

  1.  He received ineffective assistance of counsel.

  2.  He was subjected to an illegal search and seizure.

## II.  DISCUSSION AND ANALYSIS

**A.**     **Statute of Limitations**

  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-

year statute of limitations for state inmates seeking federal habeas corpus relief.  See 28 U.S.C.

§ 2244(d).  That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final, at the latest, on December 10, 2010, at the conclusion of time during which he could have appealed his conviction. See TEX. R. APP. P. 26.2(a). Therefore, Petitioner had until December 10, 2011, to timely file his federal application. Petitioner did not execute his federal application for habeas corpus relief until April 26, 2012, after the limitations period had already expired.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Accordingly, Petitioner's application should be dismissed with prejudice as time-barred.

**B.     Exhaustion of State Court Remedies**

Alternatively, Petitioner's application should be dismissed without prejudice for failure to exhaust his state court remedies. A fundamental prerequisite to federal habeas corpus relief under Title 28 U.S.C. §2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief. Sterling v. Scott, 57 F.3d 451, 453 (5th Cir. 1995), cert. denied, 116 S. Ct. 715 (1996). Section 2254(b) provides that:

> (1)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:
>
> > (A)     the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)     (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to
protect the rights of the applicant.

28 U.S.C. § 2254.  This requirement is designed in the interests of comity and federalism to give

state courts the initial opportunity to pass upon and correct errors of federal law in a state prisoner's

conviction.  Picard v. Connor, 404 U.S. 270, 275-76, 92 S. Ct. 509, 512 (1971).  The purpose and

policy underlying the exhaustion doctrine is to preserve the role of the state courts in the application

and enforcement of federal law and prevent disruption of state criminal proceedings.  Rose v. Lundy,

455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982)(citing, Braden v. 30th Judicial Circuit Court of

Kentucky, 410 U.S. 484, 490-91, 93 S. Ct. 1123, 1127 (1973)).

A petition under 28 U.S.C. § 2254 "must be dismissed if state remedies have not been

exhausted as to any of the federal claims."  Castille v. Peoples, 489 U.S. 346, 349, 109 S. Ct. 1056,

1059 (1989).  The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given

an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts."

Richardson v. Procunier, 762 F.2d 429, 431 (5th Cir. 1985).  Once a federal claim has been fairly

presented to the Texas Court of Criminal Appeals, either through direct appeal or collateral attack,

the exhaustion requirement is satisfied.  See generally, Castille, 489 U.S. at 351, 109 S. Ct. at 1060.

In order to avoid piecemeal litigation, all grounds raised in a federal application for writ of habeas

corpus must first be presented to the state's highest criminal court prior to being presented in federal

court.  Rose, 455 U.S. at 522, 102 S. Ct. at 1205.  If even one claim is unexhausted, the entire

petition must be dismissed for failure to exhaust state remedies.  Id.

In the present case, Petitioner has not presented his claims to the Texas Court of Criminal

Appeals.  Accordingly, there has been no fair presentation of his claims to the state court, and thus,

4

the state court has not had the initial opportunity to pass upon and correct any alleged errors of federal law.   Nevertheless, the exhaustion requirement can be excused when exceptional circumstances exist.  Deters v. Collins, 985 F.2d 789 (5th Cir. 1993).  However, Petitioner makes no allegations that any exceptional circumstances are present in this case.  Therefore, the Court finds that Petitioner has failed to exhaust his state court remedies and has failed to allege any circumstances which would allow the Court to excuse the exhaustion requirement.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.  Alternatively, it is recommended that Petitioner's application for writ of habeas corpus be dismissed without prejudice for failure to exhaust his state court remedies.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable

or wrong." <u>Id.</u>  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u>

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing <u>Slack</u>, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. <u>Battles v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>See</u> 28 U.S.C. § 636(b)(1)(C);  <u>Thomas v. Arn</u>, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 13th day of June, 2012.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE